# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOSEPHINE HUGHES,

      Plaintiff,                        CASE NO.:

v.

ALDI (FLORIDA) L.L.C.,

      Defendant.

_____/

## COMPLAINT

Plaintiff, JOSEPHINE HUGHES, by and through her undersigned counsel, hereby sues Defendant, ALDI (FLORIDA) L.L.C., and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1367, the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 et seq.; and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.; and the Florida Civil Rights Act, Chapter 760, Florida Statutes.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, JOSEPHINE HUGHES (hereinafter as "Plaintiff"), is a resident of Hillsborough County, Florida.

4. Defendant, ALDI (FLORIDA) L.L.C. (hereinafter as "Defendant"), is a foreign corporation authorized and doing business in this Judicial District.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. On March 28, 2025, Plaintiff filed a timely Amended Charge of Discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

10. On August 1, 2025, the Equal Employment Opportunity Commission issued a Notice of Right to Sue related to Plaintiff's Charge of Discrimination. This

Complaint is filed within ninety (90) days of the issuance of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

11.     Plaintiff is a 67 year old female.  She began her employment with Aldi in or around March 2020 as a full time Associate.

12.     On or around October 2023, Plaintiff began experiencing significant pain and mobility limitation in her right shoulder and neck due to a musculoskeletal injury that substantially limited her ability to lift or reach overhead. She promptly notified her then-manager, Ian (last name unknown), who temporarily accommodated her by instructing her not to lift heavy objects and to ask for assistance when needed.

13.     In January 2024, Defendant placed a new Store Manager, Samantha (last name unknown), at the Hillsborough Avenue location. Plaintiff informed Samantha of her lifting limitations and that unloading delivery trucks aggravated her condition.

14.     Despite acknowledging Plaintiff's complaints, Samantha continued scheduling Plaintiff for truck-unloading shifts several mornings per week. Plaintiff repeatedly told Samantha she was in severe pain, but Samantha refused to modify her assignments.

15. Between January and July 2024, Plaintiff continued to perform all assigned duties while repeatedly notifying Samantha that her pain persisted and that she needed accommodation. Samantha ignored her requests.

16. In June 2024, Samantha finally reported Plaintiff's injury to District Manager Sajd Jafferjee, who told Plaintiff to provide a doctor's note specifying her restrictions.

17. In July 2024, Plaintiff submitted a doctor's note detailing lifting restrictions. Human Resources later advised that the note would not be accepted and required Plaintiff and her doctor to complete an Aldi-specific form.

18. From September through November 2024, Defendant continued assigning Plaintiff to physically demanding unloading and stocking shifts, disregarding her documented restrictions.

19. Around this time, Samantha issued a disciplinary write-up to Plaintiff for being one minute late, even though a grace period of five minutes was normally afforded to all employees, signaling disparate treatment.

20. In November 2024, while unloading pallets, Samantha berated Plaintiff for working "too slowly." Plaintiff explained she was moving as fast as possible given her condition and stated she felt she was being retaliated against based on her age and disability. Immediately afterward, Samantha began

scheduling Plaintiff on more consecutive 6 a.m. unloading shifts, further exacerbating her pain.

21. Plaintiff's doctor prescribed physical therapy for her shoulder and neck. Plaintiff asked Samantha to modify her schedule to allow therapy attendance and to remove her from heavy-lifting shifts. Samantha refused and told Plaintiff she "can make [her] work any hours [she] wants."

22. Plaintiff requested a transfer to another store or to work solely as a cashier, positions that would not violate her restrictions. Samantha refused and said that employees considered "burdens" could not be transferred to other locations.

23. On December 3, 2024, Plaintiff's doctor completed Aldi's internal form confirming her permanent restrictions of no lifting over ten (10) pounds; limited overhead reaching; and no climbing stairs.

24. Plaintiff provided the completed form to District Manager Jafferjee. One week later, no accommodation had been made.

25. Around mid-December 2024, another manager, Gabe (last name unknown), required Plaintiff to lift heavy boxes of meat and milk despite her restrictions. When Plaintiff complained that her neck hurt, Gabe dismissively asked, "Are you sure it was while you were working?" and ordered her to continue.

26. Samantha continued to tell Plaintiff that she was "too slow" and required her to perform lifting tasks even when other employees were available.

27. On December 23, 2024, Defendant issued a letter stating it would accommodate Plaintiff's restrictions only until January 15, 2025, unless her doctor re-classified the restrictions as "temporary."

28. In January 2025, Plaintiff called Human Resources to report that she was being forced to work beyond her medical restrictions. The HR representative took no action. Plaintiff also left messages for Yolanda Velez, Benefits Assistant, but never received a return call.

29. Plaintiff contacted her doctor, who could not see her until February 7, 2025, after the January 15 deadline. Plaintiff informed HR and requested an extension, which was verbally approved. Plaintiff again requested transfer or cashier-only work; HR refused, though other employees were allowed such roles.

30. In February 2025, Plaintiff's doctor confirmed that her restrictions were permanent and could not be changed. Plaintiff relayed this information to Defendant.

31. On February 12, 2025, Defendant, through Samantha and Jafferjee, terminated Plaintiff, stating that Aldi "could not accommodate [her] restrictions."

32. Plaintiff's termination occurred only weeks after she requested accommodations, reported discrimination, and sought protection of her rights under the ADAAA and FCRA.

33. Defendant's claimed reason for termination was pretextual; Defendant could have accommodated Plaintiff through cashier-only duties or a transfer, as it did for younger and non-disabled employees.

34. Plaintiff has suffered loss of income, benefits, emotional distress, humiliation, and other damages as a result of Defendant's unlawful actions.

## COUNT I
## DISABILITY DISCRIMINATION
### (Under the Americans with Disabilities Act Amendments Act of 2008)

35. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 34.

36. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112 et seq.

37. Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

38. Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended. Specifically, Plaintiff's condition substantially limited one or more major life activities and/or one or more major bodily functions.

39. Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

40. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant terminated Plaintiff's employment.

41. The above-described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

42. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

43. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

44. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") FAILURE TO ACCOMMODATE

45. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 34.

46. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

47. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

48. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interactive process.

49. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT III
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") RETALIATION

50. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 34.

51. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice and for opposing Defendant's discriminatory treatment of her, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

52. The above-described acts constitute retaliation, in violation of the ADAAA.

53. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT – DISABILITY DISCRIMINATION

54. Plaintiff realleges and adopts, as if fully set forth herein, the

allegations stated in Paragraphs 1 through 34.

55.     Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*.

56.     Plaintiff is an individual with a disability.

57.     By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of her disability, record of a disability and/or perceived disability.

58.     Defendant failed to provide Plaintiff with a reasonable accommodation, which resulted in Plaintiff's termination on the basis of her disability, record of a disability and/or perceived disability.

59.     The above-described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

60.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

61.     As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT V
## AGE DISCRIMINATION PURSUANT TO
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 ("ADEA")

62. Plaintiff realleges and adopts, as if set out in full hereafter, the allegations contained in Paragraphs 1 through 34 above.

63. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C. § 621, et seq.

64. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of the ADEA.

65. Defendant knew, or should have known, of this discrimination.

66. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, liquidated damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT VI
## FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

67. Plaintiff realleges and adopts, as if set out in full hereafter, the allegations contained in Paragraphs 1 through 34 above.

68. Plaintiff is a member of a protected class under the Florida Civil

Rights Act.

69. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of the Florida Civil Rights Act, Florida Statutes Chapter 760.

70. Defendant knew, or should have known of the discrimination.

71. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, liquidated damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT VIII
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

72. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 34.

73. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760. Specifically, Plaintiff opposed age and disability discrimination in the workplace.

74. The above-described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

75. As a result of Defendant's unlawful retaliation, Plaintiff has suffered

and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## DEMAND FOR JURY TRIAL

76. Plaintiff, JOSEPHINE HUGHES, requests a jury trial on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Counsel of record.

**FLORIN |GRAY**

*/s/ Troy E. Longman, II*
**TROY E. LONGMAN, II, ESQ.**
Florida Bar No.: 1031921
tlongman@floringray.com
**WOLFGANG M. FLORIN, ESQ.**
Florida Bar No.: 907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
*Trial Attorneys for Plaintiff*